IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARIS L. JAMES, | |
| *Plaintiff,* | Civil Action No. 1:25-cv-59 |
| v. | Hon. William S. Stickman IV |
| LAUREL HARRY, *et al,* | Hon. Christopher B. Brown |
| *Defendants.* | |

## ORDER OF COURT

*Pro se* Plaintiff Paris L. James ("James"), currently housed at the State Correctional Institution at Somerset, initiated this action against various individuals employed by the Pennsylvania Department of Corrections for alleged violations of his civil rights while incarcerated. (ECF No. 8). He was granted leave to proceed *in forma pauperis*. (ECF No. 7). Pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), Magistrate Judge Christopher B. Brown recommended the *sua sponte* dismissal of the complaint without prejudice before service for failure to comply with Federal Rule of Civil Procedure ("Rule") 8 and Rule 20, and further recommended that James be permitted to file an amended complaint. (ECF No. 11). Plaintiff was given the opportunity to file objections, and he did so stating that he believes that his complaint was proper and complies with Rules 8 and 20. (ECF No. 15).

The Court, after its independent *de novo* review of the entire record, hereby ADOPTS Magistrate Judge Brown's Report and Recommendation (ECF No. 11) as its Opinion. It concurs with his thorough legal analysis as to why James' complaint fails as a matter of law for violations of Rules 8 and 20. Not only is Plaintiff's complaint excessive in length (forty-two (42) pages with thirty-six (36) separate paragraphs of purported causes of action), it is also

1

rambling, ambiguous, and virtually incomprehensible. It does not give any Defendant fair notice of what claims are actually being asserted against them. The complaint does not proffer sufficient factual allegations to support a contention that discrete actions and events that occurred over the span of one year constitute a single unified transaction or occurrence. James' complaint does not show a single transaction or occurrence <u>or</u> issues of law or fact common to all defendants actionable in a single federal court complaint. The Court will dismiss James' complaint without prejudice to afford him the opportunity to amend his complaint and cure these defects and those discussed by Magistrate Judge Brown in his thorough Report and Recommendation.

AND NOW, this __7__ day of July 2025, IT IS HEREBY ORDERED that James' complaint (ECF No. 8) is DISMISSED WITHOUT PREJUDICE for failure to conform with Federal Rules of Civil Procedure 8 and 20. An amended complaint is due on or before **August 21, 2025**. James must adhere to all of the directions for filing an amended complaint set forth by Magistrate Judge Brown in his Report and Recommendation, as well as the *Instructions for Filing Amended Complaint* docketed at ECF No. 11-1. The Court would caution James that being granted the opportunity to file an amended complaint does mean he can enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or that he can add defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint, James' failure to submit an amended complaint that is simple, concise, and direct, or his inclusion of unrelated claims

against different defendants will be considered a failure to comply with the Court's Order and may lead to the dismissal of the amended complaint with prejudice.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
